```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
WILLIAM SAENZ DUQUE,            :
                Petitioner,     :   REPORT & RECOMMENDATION
                                :
         -against-              :
                                :   08 Civ. 9315 (RMB)(MHD)
UNITED STATES OF AMERICA,       :
                Respondent.     :
-------------------------------x
UNITED STATES OF AMERICA        :
         -against-              :   02 Cr. 1290 (RMB)
                                :
WILLIAM SAENZ DUQUE,            :
                Defendant.      :
-------------------------------x
```

TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

Pro se petitioner William Saenz Duque seeks a writ of habeas corpus under 28 U.S.C. § 2255 to vacate his 168-month prison sentence, which was imposed pursuant to his June 20, 2003 conviction on two drug-conspiracy charges. Saenz was convicted of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin (Count I), in violation of 21 U.S.C. § 846, and conspiracy to import heroin into the United States (Count II), in violation of 21 U.S.C. § 963. The court then determined that the United States Sentencing Guidelines defined a range of 168 to 210 months for a prison term and sentenced Saenz to a term of 168 months' imprisonment and five years of supervised release.

1

In his petition, Saenz alleges a Sixth Amendment violation, claiming that he was prejudiced by his attorney's failure to request a downward departure from the Guidelines on two grounds -- (1) his status as a deportable alien, and (2) unspecified hardship. The Government opposes the motion as untimely and meritless. (See Jan. 27, 2009 letter to the court from Assistant U.S. Atty. Aimee Hector at 7).

We conclude that the petition is timely, but that Saenz's Sixth Amendment argument is groundless both because his cited circumstances do not justify a downward departure in the Guidelines range and because his attorney made the hardship argument that petitioner claims he failed to advance. We therefore recommend that the writ be denied and the petition dismissed with prejudice.

PRIOR PROCEEDINGS AND PERTINENT FACTS

On June 20, 2003, petitioner was convicted in this court of both counts of a two-count drug-conspiracy indictment. In anticipation of Saenz's sentencing, the United States Probation Office, applying the Sentencing Guidelines, determined that the range for a prison term for Saenz's conviction was 135 to 168 months based on an offense level of 32 and a Criminal History Category II, and it recommended that Judge Berman impose sentences

of 135 months' imprisonment on both counts, to be served concurrently, followed by five years' supervised release and a $200.00 special assessment. (Duque Pre-Sentence Report ("PSR") at 17 (Sentencing Recommendation)).

At the sentencing hearing before Judge Berman, defendant's attorney moved for a downward departure based on extraordinary family circumstances pursuant to section 5H1.6 of the Guidelines, specifying his son's abnormal brain condition. (Sentencing Tr. dated Nov. 19, 2003 at 22-26, 30-35, 36-37). As noted in the pre-sentence report, defendant's son, Andres, resides with, and is cared for by, a woman with whom the defendant had a consensual relationship. (PSR ¶¶ 50, 51). He has two other children from the same relationship who are also provided for by their mother, who cooks and sells food to earn money. (Id. ¶ 51). Additionally, his sister occasionally sends money to provide assistance. (Id.).

The Government opposed the motion and asked the Court to apply a two-level upward adjustment for obstruction of justice, pursuant to Sentencing Guidelines § 3C1.1, based on defendant's assertedly false trial testimony. (Sentencing Tr. at 39). The District Court granted the Government's application and rejected defendant's hardship argument, reasoning that the facts as presented did not qualify as extraordinary circumstances, and therefore did not

permit a departure under section 5H1.6. (Id. at 40, 42-43). As a result, the court increased Saenz's offense level to 34, which resulted in a Sentencing Guidelines range of 168 to 210 months. Judge Berman sentenced Saenz to 168 months imprisonment, to be followed by five years' supervised release and a mandatory $200.00 special assessment. (Id. at 46-49).

On direct appeal, Saenz attacked his conviction on, inter alia, the grounds that his sentence was impermissible under the Supreme Court's then-recent decision, Blakely v. Washington, 542 U.S. 296 (2004), and that Judge Berman had erred in enhancing his offense level pursuant to Sentencing Guidelines § 3C1.1. See United States v. Duque, 123 Fed. Appx. 447 (2d Cir. 2005).

On February 18, 2005, the Second Circuit affirmed the conviction, but remanded the case for reconsideration of sentencing and further proceedings in light of its recent post-Blakely decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). United States v. Duque, 123 Fed. Appx. at 450. During the pendency of the remand, Saenz filed a petition for certiorari to the United States Supreme Court, which denied the petition on October 12, 2005. Duque v. United States, 546 U.S. 881 (2005).

On remand, Judge Berman declined to re-sentence Saenz,

4

determining, under Crosby, that Saenz's sentence was reasonable in light of his considerable criminal history and his false trial testimony, reflected in the earlier two-point enhancement. (Nov. 17, 2005 Order entered by Judge Berman). Saenz appealed again, but the Second Circuit affirmed the District Court's judgment on June 5, 2007. United States v. Duque, 225 Fed. Appx. 43 (2d Cir. 2007). Yet again, Saenz petitioned the Supreme Court, which denied certiorari on October 1, 2007. Duque v. United States, 128 S. Ct. 334 (2007).

Saenz filed his habeas petition with this court approximately one year later. Although the Pro Se Clerk received the document on October 6, 2008, and it was filed with the Clerk of the Court on October 30, 2008, Saenz dated it and apparently signed it on October 1, 2008. (Pet. at p.14). He seeks relief on the ground that he was denied effective assistance of counsel because his attorney purportedly failed to request a downward departure at sentencing based on his deportable-alien status and, separately, on the ground of "hardship." (Pet. ¶ 12).

In his only briefing papers on his claim, Saenz presents a barebones argument that his attorney failed to cite to his immigration status or other, unspecified, "mitigating factors" during his sentencing, but does not elaborate on why these alleged omissions would have warranted a downward departure. (Reply Mem. at

5

7-9). However, giving his reference to alienage a liberal reading, we infer that he is contending that, as an alien subject to deportation upon release, he will be required to serve his sentence under harsher conditions than a United States citizen would, because he is ineligible to serve a portion of his sentence in a minimum security facility or community custody program, is not eligible to participate in the "500 Hour Drug Program," and will be subject to incarceration by the Bureau of Immigration and Customs Enforcement. (See Jan. 27, 2009 letter to the court from Assistant U.S. Atty. Aimee Hector at 4).[1]

Saenz also supports his Sixth Amendment claim by alleging that his attorney failed to ask for a downward departure by reason of hardship. He does not specify, however, a particular theory of hardship and does not address the matter in his reply memorandum.

Respondent contends that Saenz's petition should be dismissed as untimely because it was supposedly filed more than one year after his conviction was finalized. (Jan. 27, 2009 letter to the court from Assistant U.S. Atty. Aimee Hector at 4). Respondent also argues that his Sixth Amendment claim is without merit because even if defendant's counsel had made the arguments that Saenz raises now,

---

[1] As noted, petitioner also refers generally to his counsel's failure to disclose other, unidentified, "mitigating factors." Since petitioner fails to identify what those might be, this speculation does not amount to a cognizable claim.

the result of the proceedings would not have been different because the grounds asserted do not provide a basis for a downward departure. (Id. at 6).

### ANALYSIS

We first address the question of timeliness. Finding the petition to be timely, we then turn to the merits of the petitioner's claim.

I. Timeliness

Pursuant to 28 U.S.C. § 2255(f)(1), a one-year statute of limitations runs from the "date on which the judgment of conviction becomes final."[2] Respondent argues that the current petition is untimely based on the apparent assumption that Saenz's conviction was finalized, for purposes of section 2255, when the Supreme Court denied the first certiorari petition. We disagree.

Ordinarily, a federal-court conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for

---

[2] Subsections (2)-(4) of section 2255(f), specifying other events that may trigger the running of the statute of limitations, are not applicable in this case.

7

filing a certiorari petition expires." <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003); <u>Pena v. United States</u>, 534 F.3d 92, 93 n.3 (2d Cir. 2008). If that were the case as applied to Saenz, the petition would be time-barred since certiorari was first denied on October 3, 2005, nearly three years before Saenz filed his habeas petition.

The problem with the Government's position, however, is that Saenz's conviction was not finalized on October 12, 2005, when the Supreme Court denied his first certiorari petition. The review that Saenz sought in his first petition was of a circuit court decision that, while affirming the conviction, left open the question of the appropriate sentence, choosing to remand rather than affirm on that question. In that posture, the denial of certiorari by the Supreme Court in 2005 cannot be viewed as finalizing petitioner's judgment of conviction.

A judgment of conviction encompasses both a determination of guilt and the imposition of sentence, and until both are settled, the judgment is not final. <u>See</u>, <u>e.g.</u>, <u>Midland Asphalt Corp. v. United States</u>, 489 U.S. 794, 798 (1989) (applying 28 U.S.C. § 1291); <u>Berman v. United States</u>, 302 U.S. 211, 212 (1937); <u>United States v. Aliotta</u>, 199 F.3d 78, 81 (2d Cir. 1999). It was not until the Second Circuit affirmed the petitioner's sentence and his second petition for certiorari was denied on October 1, 2007, that his conviction became

8

final.[3] As a result, the deadline for his section 2255 motion was October 1, 2008. Since petitioner, who is incarcerated, apparently handed his motion to his jailers on October 1, 2008, under the prison-mailbox rule it is deemed filed on that date and is therefore timely. See, e.g., Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (applying prison-mailbox rule) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

## II. Ineffectiveness-of-Counsel Claim

### A. Applicable Standard

The assessment of an ineffective-assistance-of-counsel claim involves a two-part inquiry. To demonstrate a Sixth Amendment violation, the petitioner must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004); Mask v. McGinnis, 233 F.3d 132, 140 (2d Cir.

---

[3] We note that the Government does not even mention the complete history of Saenz's conviction, omitting the remand and the subsequent proceedings postdating the remand. We find this omission quite troubling.

9

2000).

The Strickland standard is quite deferential, and counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. In weighing an ineffective-assistance claim, the court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case . . . and must then determine whether, in light of all the circumstances, . . . [counsel's] acts or omissions were outside the wide range of professionally competent assistance." Id. at 690; see also Loliscio v. Goord, 263 F.3d 178, 192 (2d Cir. 2002).

In addition to showing that counsel's representation was deficient in failing to request a downward departure, petitioner must establish by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also Gaskin, 364 F.3d at 468. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal," or, as in this case, the sentence. Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001). Prejudice will not ordinarily be presumed, but must be affirmatively proven by the petitioner. See, e.g., Strickland, 466 U.S. at 693.

B. <u>Assessment of Petitioner's Claim</u>

Petitioner's Sixth Amendment claim in both its guises is plainly meritless. We address each version separately.

Counsel's performance in not invoking his client's immigration status could not have been constitutionally deficient because the ground asserted by petitioner does not justify a downward departure under the Sentencing Guidelines. It also follows that the performance of counsel in this aspect did not prejudice Saenz because the court would have rejected the argument even if it had been made.

Although the collateral consequences of a defendant's alienage may provide grounds for departure in some circumstances, those consequences must be "extraordinary in nature or degree." <u>Restrepo</u>, 999 F.2d at 644. Saenz, however, cites no alienage consequences that are not faced by any other alien. Inasmuch as Saenz presumably would argue that he would have to serve his sentence under harsher conditions as an alien subject to deportation, the Second Circuit has held that the limitations or consequences of alien status, such as ineligibility to serve a sentence in a minimal security facility or in a half-way house, do not provide a basis for granting a downward departure. <u>See</u> <u>United States v. Restrepo</u>, 999 F.2d 640, 642-43, 644-45 (2d Cir. 1993). Thus, counsel's omission of an argument for a downward

11

departure based on petitioner's alienage does not reflect a Sixth Amendment violation. As the Second Circuit has held, "[f]ailure to make a meritless argument does not amount to ineffective assistance." United States v. Regalado, 518 F.3d 143, 150 n.3 (2d Cir. 2008). In short, counsel did not act unreasonably and his performance did not prejudice petitioner.

Petitioner's other basis for a downward departure is "hardship." Although he does not identify the particular hardship in his petition, it appears that he is alluding to his son's medical condition, which is the only circumstance in the record that might form the basis for arguing for such a departure. The short answer to petitioner's claim is that his attorney did raise this ground at the sentencing hearing and Judge Berman rejected the argument because the facts as presented did not qualify as "extraordinary circumstances," which is a prerequisite to applying section 5H1.6 of the Guidelines.[4] That test finds its source in the Second Circuit's construction of section 5H1.6, which it reads as implying that "if the court finds the circumstances related to family ties and relationships are extraordinary, it is not precluded as a matter of law from taking them into account in making a downward departure." United States v.

---

[4] Sentencing Guidelines section 5H1.6 states "family ties and responsibilities. . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."

12

Sharpsteen, 913 F.2d 59, 63 (2d Cir. 1990). Since counsel made the very argument that petitioner faults him for not making, an argument that the Court rejected, this aspect of Saenz's Sixth Amendment claim is equally meritless.

## CONCLUSION

Because petitioner has failed to carry his Strickland burden, we recommend that the writ be denied and the petition be dismissed with prejudice.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Richard M. Berman, Room 650, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 470 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

13

Dated: New York, New York
       June 10, 2009

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. William Saenz Duque
#50512-053
McRae Correctional Facility
P.O. Box 30
McRae, GA 31055

Aimee Hector, Esq.
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza, 7th Floor
New York, NY 10007