UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAMS SAENZ DUQUE,

                              Petitioner,

   - against-

UNITED STATES OF AMERICA,

                              Respondent.
------------------------------------------------------------X

**DECISION & ORDER**

08 Civ. 9315 (RMB) (MHD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/09

### I. Background

On or about October 1, 2008, pro se petitioner Williams Saenz Duque ("Petitioner" or "Duque") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Petition") against the United States of America ("Respondent") to vacate, set aside, or correct his sentence following his conviction on or about June 20, 2003, (see Pet. to Vacate, Set Aside, or Correct Sentence, dated Oct. 1, 2008 ("Pet."), at 2), for conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846, and conspiracy to import heroin into the United States, in violation of 21 U.S.C. § 963. (See Judgment, dated Nov. 20, 2003 ("Judgment"), at 1.) On or about November 19, 2003, the Court sentenced Petitioner to 168 months' imprisonment, to be followed by five years' supervised release and a $200 special assessment. (Judgment at 2–5.)

On February 18, 2005, the United States Court of Appeals for the Second Circuit affirmed Petitioner's conviction but remanded for reconsideration of his sentencing in light of United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). See United States v. Duque, 123 Fed. Appx. 450 (2d Cir. 2005). On or about November 7, 2005, this Court concluded, among other things, that Petitioner's sentence was reasonable in light of his criminal history and false trial testimony. (Order, dated Nov. 17, 2005; see also Sentencing Tr., dated Nov. 19, 2003

("Sentencing Tr."), at 6, 7) On June 5, 2007, the Second Circuit affirmed this Court's judgment. See United States v. Duque, 225 Fed. Appx. 43 (2d Cir. 2007).

In the Petition, Petitioner alleges, among other things, that he was denied effective assistance of counsel at sentencing because his attorney failed "to request [a] downward departure" from the U.S. Sentencing Guidelines due to (i) Petitioner's "status as a deportable alien" and (ii) "hardship." (Pet. ¶ 5.) Petitioner does not advance a particular theory of hardship in the Petition, nor does he address the matter in his reply memorandum, but it appears Petitioner is alluding to his son's medical condition. (See Report and Recommendation, dated June 10, 2009 ("Report"), at 6, 12.)

On or about June 10, 2009, United States Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued a thorough Report and Recommendation recommending that the Court deny the Petition because, among other reasons: (1) "[c]ounsel's performance in not invoking [Petitioner's] immigration status could not have been constitutionally deficient because the ground asserted by [P]etitioner does not justify a downward departure under the Sentencing Guidelines"; and (2) at sentencing, Petitioner's counsel made the argument regarding Petitioner's family hardship. (Report at 13.)

The Report advises that, pursuant to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), "the parties shall have ten (10) days from [June 10, 2009] to file written objections." (Report at 13.) On or about July 6, 2009, Petitioner filed timely objections ("Objections") to the Report, arguing, among other things, that Kimbrough v. United States, 552 U.S. 85 (2007) permits sentencing courts to consider the collateral consequences of alien status. (Obj. at 4.) To date, Respondent has not filed objections or a response to Petitioner's Objections.

**For the reasons stated below, the Report is adopted in its entirety.**

2

**II.     Standard of Review**

As to any portions of a magistrate judge's report to which no objections have been made, the district judge may adopt all findings that are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, the petitioner is proceeding pro se, the court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally accorded," Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan 12, 1999).

**III.    Analysis**

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Petition, the Report, Petitioner's Objections, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Dolinger are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[1]

**(1)     Immigration Status**

Judge Dolinger properly concluded that "the limitations and consequences of alien status, such as ineligibility to serve a sentence in a minimal security facility or in a half-way house, do

---

[1]     As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

3

not provide a basis for granting a downward departure." (Report at 11); see United States v. Restrepo, 999 F.2d 640, 645–46 (2d Cir. 1993); Rodriguez-Quezada v. United States, No. 08 Civ. 5290, 2008 U.S. Dist. LEXIS 74120, at *7–8 (S.D.N.Y. Sept. 15, 2008); (see also Sentencing Tr. at 43, 46); Rojas v. United States, No. 08 Civ. 75A, 2008 WL 495502, at *1–2 (W.D.N.Y. Feb. 20, 2009); Rosario v. United States, No. 07 Civ. 8260, 2008 U.S. Dist. LEXIS 29453, at *18 (S.D.N.Y. April 11, 2008).

(2)  **Family Hardship**

Judge Dolinger properly determined that Petitioner's "attorney did raise this ground at the sentencing hearing and [the Court] rejected the argument[.]" (Report at 12; see Sentencing Tr. at 40–43 ("I have considered all the arguments made by counsel and the [Petitioner's] family circumstances . . . but I do not feel that the facts as presented qualif[y] as extraordinary circumstances within the meaning of the proposed departure and therefore do not exercise my discretion to depart under [Sentencing Guideline] 5H1.6."); see also Cuevas v. United States, No. 07 Civ. 10635, 2008 U.S. Dist. LEXIS 39976, at *16 (S.D.N.Y. May 14, 2008).

IV.  **Certificate of Appealability**

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

V.  **Conclusion and Order**

For the reasons stated herein and therein, the Report is adopted in its entirety and the

5

Petition [#1] is denied. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
       July 31, 2009

*Richard M. Berman*

RICHARD M. BERMAN, U.S.D.J.